UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

GUSTAVIA HOME LLC,

                 Plaintiff,

-against-

YVETTE HOYER, SHAUNA PAUL, UNITED STATES
OF AMERICA/INTERNAL REVENUE SERVICE, NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU,
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD, et al.,

                 Defendants.
-----------------------------------------------------------------------x

Case No.:
1:16-cv-4015 (PKC) (VMS)

**DECLARATION IN REPLY TO FURTHER SUPPORT OF DEFENDANT'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT**

      KEVIN K. TUNG, an attorney duly admitted to practice law before this Court, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746(2) that the following statements are true and correct:

      1.    I am a member of KEVIN KERVENG TUNG, P.C., attorneys for Defendant SHAUNA PAUL and as such I am fully familiar with all the facts and circumstances applicable to this reply. My knowledge of the same is based upon the file maintained by my office.

      2.    I submit this Declaration in Reply in further support of Defendant's Rule 60(b) Motion for Relief from Judgement.

1

3. The Defendant requests this Court to reject the arguments asserted by Plaintiff in its Memorandum of Law in Opposition to Defendant Shauna Paul's Motion for Relief from Judgment.

**Plaintiff's Memorandum in Opposition to Defendant's Motion for Relief from Judgment Has Not Proffered Sufficient Facts to Satisfy that Plaintiff has Standing**

4. Under Cenlar FSB v Tenenbaum, 172 AD3d 806 (2d Dept 2019), when a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief. *See* Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 46 NYS3d 185 (2017); Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974, 995 NYS2d 118 (2014)).

5. Defendant does not currently dispute that Plaintiff's Complaint did attach as exhibits a mortgage, a note, and proof of default. *See* Plaintiff's Complaint Entered: 07/19/2016 (hereinafter "Complaint") Exhibits B, C, and E; *see also* HSBC Bank USA, N.A. v. Szoffer, 52 N.Y.S.3d 721, 724 (App. Div. 3d Dep't 2017).

6. Defendant does dispute that Plaintiff has not established that the note, attached to the Complaint in Exhibit B, is in fact the "original note" by uncontroverted affidavit testimony. "Under New York law, Aurora Loan Services, LLC was not required to produce the original note to establish standing; rather, uncontroverted affidavit testimony demonstrating Aurora's possession of the note prior to commencement of the foreclosure proceedings was sufficient to establish standing." *See* Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 (2015).

7. Nowhere in the Complaint, or any subsequently filed documents, is there an affidavit with evidence that Gustavia Home LLC's custodian received the "original note" nor is there any indication that the original note was then safeguarded in a secure location. *See* ECF Docket No. 1-103. *See* Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 980 NYS2d 475 (2d

Dept 2014); *see also* Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 995 N.Y.S.2d 118, supra; Central Mtge. Co. v McClelland, 119 AD3d 885, 991 NYS2d 87 (2d Dept 2014); Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 969 NYS2d 82 (2d Dept 2013); ("The plaintiff also established its standing as the holder of the note and mortgage by physical delivery prior to commencement of the action *with evidence that its custodian received the original note in October 2005 and received the original mortgage in February 2006 and safeguarded those original documents in a secure location.*") (emphasis added).

8. In addition, there was no declaration/affidavit filed stating that according to Gustavia Home LLC's regularly-kept records the loan documents in question have been in the continuous possession of Gustavia Home LLC since June 20, 2016. *See* United States Bank N.A. v Crutch, 2012 US Dist LEXIS 64629 (EDNY May 7, 2012, No. 09-CV-998 (FB)), "a declaration submitted by Jennifer Henninger states that, according to the Bank's regularly-kept records, the loan documents, including the note, have been in continuous possession of the Bank since October 14, 2008. *See* U.S. Bank, N.A., 890 N.Y.S.2d at 580.

## Conclusion

9. For the foregoing reasons, the argument asserted in the Plaintiff's Memorandum of Law in Opposition to Defendant Shauna Paul's Motion for Relief from Judgment should be rejected. Defendant does not argue the Plaintiff did attach a note, mortgage, and proof of default to their Complaint. Defendant does contend that Plaintiff either does not have or has not yet established that they have the "original note". In addition, Defendant contends that Plaintiff has not established that they held the "original note" in a secured location. Lastly, Defendant contends that Plaintiff has not established that they have been in continuous possession of the "original note". If the courts allow a party to foreclose on a mortgage by simply showing a list of assignments, a

3

copy of a note, and a copy of a mortgage then there would be no end to the amount of 3rd parties claiming they were assigned a note. Plaintiff has not established standing because they have not established that they are and have been in continuous possession of the "original note" since their assignment, and that original note has been stored in a secure location.

WHEREFORE, deponent respectfully asks for an order granting the Defendants' Motion for Relief from Judgment against Plaintiff, Gustavia Home LLC, and for such other and further relief as the court deems just and proper under the circumstances.

Dated: November 23, 2020
Queens, New York

KEVIN KERVENG TUNG, P.C.
Attorneys for Defendant
Shauna Paul

By: Kevin K. Tung, Esq.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
(718) 939-4633