```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GUSTAVIA HOME, LLC,

                        Plaintiff,
                                                            MEMORANDUM & ORDER
            - against -                                     16-CV-4015 (PKC) (VMS)

YVETTE HOYER, SHAUNA M. PAUL,
UNITED STATES OF AMERICA/INTERNAL
REVENUE SERVICE, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, CITY OF NEW YORK
DEPARTMENT OF TRANSPORTATION
PARKING VIOLATIONS BUREAU, CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, and JOHN DOE "1"
through "12," said persons or parties having or
claimed to have a right, title or interest in the
mortgaged premises herein, their respective
names are presently unknown to Plaintiff,

                        Defendants.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Gustavia Home, LLC commenced this diversity mortgage foreclosure action under Article 13 of the New York Real Property Actions and Proceedings Law § 1301 *et seq.*, seeking to foreclose on a mortgage encumbering the property located at 361 Vernon Avenue, Brooklyn, New York 11206 ("the Property"). (Complaint, Dkt. 1, ¶ 1.) By Memorandum and Order dated January 24, 2019, the Court granted Plaintiff's motion for summary judgment and denied a competing cross-motion for summary judgment brought by Defendants Yvette Hoyer and Shauna M. Paul (collectively, "Defendants"). *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 77 (E.D.N.Y. 2019) ("January 24, 2019 Order"). That decision is currently on appeal before the Second Circuit, under Case No. 19-471, pursuant to a Notice of Appeal that Defendants filed on February 22, 2019. (Dkt. 75.) Presently before the Court is Defendant Paul's motion under Federal

1

Rule of Civil Procedure 60(b) ("Rule 60(b)") to set aside the January 24, 2019 Order. (Dkt. 94.) The motion, filed on September 30, 2019, was subsequently held in abeyance because Defendant Hoyer filed for bankruptcy. (*See* Dkt. 95; 10/8/2019 Docket Order.) The bankruptcy proceedings concluded on September 23, 2020, and the parties finished briefing the motion on November 23, 2020. (*See* Dkt. 100 at ECF 20–21; *see also* Dkts. 101, 102, 104). For the reasons set forth below, the motion is denied.

## JURISDICTION

Because the present Rule 60(b) motion to set aside the January 24, 2019 Order was filed after Defendants filed a Notice of Appeal with respect to that Order, the Court must first determine whether it has jurisdiction to consider the motion. "Normally, the docketing of a notice of appeal will divest a district court of jurisdiction over the issues encompassed by the appeal." *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 266 (E.D.N.Y. 2009) (citing *Ryan v. U.S. Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962)). This rule, however, is not without exception. Under Rule 4 of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the district court enters a judgment but before it disposes of a Rule 60 motion "filed no later than 28 days after the judgment is entered," the notice of appeal does not become effective until the district court has disposed of the Rule 60 motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi), 4(a)(4)(B)(i). The Rule 60(b) motion here, though, was filed more than 28 days after the filing of Defendants' Notice of Appeal, so Rule 4(a)(4)(B)(i) does not apply. (*See* Dkts. 75, 94.)

Nevertheless, in *Ryan v. United States Lines Co.*, the Second Circuit established a procedure whereby the district court may consider and *deny* a Rule 60(b) motion after an appeal is taken, but may *grant* the motion "only if the moving party obtains permission from the circuit court." *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (per curiam) (citing *Ryan*, 303 F.2d at 434). "In other words, before the district court may grant a [R]ule 60(b) motion, [the


Second Circuit] must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Id.* In practice, this means that "the district court 'must first determine whether or not it will grant the motion, and then, if it finds that it would, require the moving party to obtain the necessary remand from the [Second Circuit].'" *Martin v. Giordano*, No. 11-CV-4507 (ARR) (JO), 2016 WL 4411401, at *2 (E.D.N.Y. Aug. 18, 2016) (quoting *Garcia v. Myears*, No. 13-CV-965, 2015 WL 1015425, at *2 (W.D.N.Y. Mar. 9, 2015)). But if the district court "determines that it will not grant the motion for reconsideration, it has jurisdiction to resolve the motion without resort to permission from the Second Circuit." *Id.* Because the Court is denying the present Rule 60(b) motion, the Court has jurisdiction to proceed.

## LEGAL STANDARD

"Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or for other reason that justifies relief." *Lilakos v. New York City*, No. 14-CV-5288 (PKC) (LB), 2016 WL 6768943, at *1 (E.D.N.Y. Nov. 15, 2016) (quoting *Dziennik v. Sealift, Inc.*, No. 05-CV-4659 (DLI) (MDG), 2015 WL 1469323, at *2 (E.D.N.Y. Mar. 30, 2015)). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012), and because Rule 60(b) is a means of "extraordinary judicial relief," it is properly invoked "only upon a showing of exceptional circumstances," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (collecting cases). A Rule 60(b) motion is not a substitute for an appeal or a vehicle for relitigating an issue already decided. *See Stevens*, 676 F.3d at 67; *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

# DISCUSSION

Defendant Paul's Rule 60(b) motion seeks relief from the January 24, 2019 Order on the basis that "the Court mistakenly found [Plaintiff] to be the holder and assignee of the Note and Mortgage." (Defendant Paul's Memorandum in Support of Rule 60(b) Motion ("Def.'s Mem."), Dkt. 94-1, at 1.) In essence, Defendant Paul argues that there is a broken chain of assignments from First Franklin, A Division of National City Bank of Indiana ("First Franklin Bank"), the original lender and originator of the Note and Mortgage, to Plaintiff, such that Plaintiff did not validly hold the Note and Mortgage when it commenced this action. (*See id.* at 5–6.) As alleged in the Complaint, the chain of assignments went as follows: First Franklin Bank assigned the Mortgage and simultaneously endorsed the Note to First Franklin Financial Corporation ("First Franklin Corporation"), which assigned the Mortgage and simultaneously endorsed the Note to Dreambuilder Investments, LLC ("Dreambuilder"), which then assigned the Mortgage and Note to Plaintiff. (*See* Complaint, Dkt. 1, ¶¶ 24–31.) But as the Complaint and its attached exhibits appear to indicate, the assignment from First Franklin Bank to First Franklin Corporation purportedly occurred on February 8, 2006, while the assignment from First Franklin Corporation to Dreambuilder purportedly occurred on June 30, 2005. (*See id.* ¶¶ 28–29; *see also* Ex. D of Complaint, Dkt. 1-4.) Because the latter assignment apparently predates the former, Defendant Paul argues that First Franklin Corporation could not have been the holder and assignee of the Mortgage and Note when it purported to assign them to Dreambuilder, and as such, the assignments from First Franklin Corporation to Dreambuilder and, subsequently, from Dreambuilder to Plaintiff were invalid. (*See* Def.'s Mem., Dkt. 94-1, at 5–6.) Defendant Paul contends that Defendants and the Court "previously overlooked" this alleged broken chain of assignments and that "the instant foreclosure action should have been dismissed for lack of standing." (*Id.* at 1, 6.) The Court disagrees.

4

Aside from the fact that Defendant Paul's motion is based entirely on information contained in the Complaint filed at the beginning of this case—and thus the issue she raises in her motion could and should have been raised before—the Court actually did not overlook the chronological discrepancy that Defendant Paul currently points out. The January 24, 2019 Order specifically notes:

> The Court acknowledges a chronological discrepancy in the chain of assignments of the note and mortgage on the Property. The original mortgagee who contracted with Defendant Hoyer was First Franklin, A Division of National City Bank of Indiana. Documents submitted by Plaintiff show that on June 30, 2005, First Franklin Financial Corporation assigned the note and mortgage to Dreambuilder Investments, LLC. But the evidence indicates that First Franklin Financial Corporation was not assigned the mortgage from First Franklin, A Division of National City Bank of Indiana, until February 8, 2006. Although one might argue that this chain of events rendered First Franklin Financial Corporation's assignment to Dreambuilder Investments LLC ineffective—which would in turn render the assignment to Plaintiff ineffective—evidence presented by Plaintiff (Note Aff. ¶¶ 7–11) establishes that Plaintiff is nevertheless legally entitled to foreclose. *See E. Savings Bank, FSB v. Whyte*, No. 13-CV-6111, 2016 WL 236221, at *3 (E.D.N.Y. Jan. 20, 2016) (noting that "[a]n affidavit attesting to physical possession of the note prior to commencement of the [foreclosure] action is sufficient to establish physical delivery" and "to transfer both the note and the attendant right to foreclose," thus rendering "any purported deficiencies in the chain of title" irrelevant).

*Gustavia Home*, 362 F. Supp. 3d at 91 n.14 (internal record citations, except last one, omitted). Defendant Paul provides nothing that calls into question the Court's prior determination that, notwithstanding the chronological discrepancy in the chain of assignments, "Plaintiff is nevertheless legally entitled to foreclose." *Id.* Defendant Paul identifies no new evidence or controlling legal authority that was overlooked. (*See generally* Def.'s Mem., Dkt. 94-1; Defendant Paul's Reply ("Def.'s Reply"), Dkt. 104.) Instead, she makes unfounded arguments that: (1) "Plaintiff has not established that the note, attached to the Complaint in Exhibit B, is in fact the 'original note' by uncontroverted affidavit testimony;" and (2) "[n]owhere in the Complaint, or any subsequently filed documents, is there an affidavit with evidence that [Plaintiff]'s custodian

5

received the 'original note' [or] . . . that the original note was then safeguarded in a secure location." (Def.'s Reply, Dkt. 104, ¶¶ 6–7.) As the January 24, 2019 Order establishes, Plaintiff did provide such affidavit testimony and evidence. *See Gustavia Home*, 362 F. Supp. 3d at 91 n.14; *see also* Affidavit of Note Possession by Jared Dotoli, Dkt. 60-5, ¶ 7 ("I have personally reviewed the Records, the collateral file, with corresponding original documents with regards to the Loan. I can attest that Plaintiff GUSTAVIA, came into possession of the original Note, with allonge and endorsements, as affixed thereto, which was delivered from DREAMBUILDER INVESTMENTS, LLC, on 12/30/15."), ¶ 9 ("I have reviewed the original Note, with all corresponding endorsements and Allonge as affixed to the Note, and I can attest that the copy attached hereto is a true and accurate copy."); ¶ 10 ("The Note was and is held in Plaintiff's office located at c/o Kenner Cummings, PLLC, 104 SE 8th Avenue, Fort Lauderdale, FL 33301, where it remains today."); ¶ 11 ("Thus, I am able to confirm that GUSTAVIA has possession of the original Note, prior to commencement of this action.").

Defendant Paul has not demonstrated any reason, much less exceptional circumstances, that warrants relief under Rule 60(b).

## CONCLUSION

The Rule 60(b) motion for relief from judgment is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 25, 2021
Brooklyn, New York