UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GUSTAVIA HOME, LLC,

                    Plaintiff,

        - against -

YVETTE HOYER, SHAUNA M. PAUL,
UNITED STATES OF AMERICA/INTERNAL
REVENUE SERVICE, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, CITY OF NEW YORK
DEPARTMENT OF TRANSPORTATION
PARKING VIOLATIONS BUREAU, CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, and JOHN DOE "1"
through "12," said persons or parties having or
claimed to have a right, title or interest in the
mortgaged premises herein, their respective
names are presently unknown to Plaintiff,

                    Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-4015 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

      Presently before the Court is Defendant Yvette Hoyer's[1] emergency motion, under Federal

Rule of Civil Procedure ("Rule") 60(b), to set aside the Court's January 24, 2019 Memorandum

and Order granting Plaintiff Gustavia Home, LLC's motion for summary judgment and denying a

competing cross-motion for summary judgment brought by Defendants Hoyer and Shauna M.

Paul, *see Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71 (E.D.N.Y. 2019) ("January 24, 2019

---

[1] It is unclear whether the motion has been filed on behalf of both Yvette Hoyer and Shauna M. Paul, or only on behalf of Hoyer. However, because (1) counsel docketed the motion on behalf of Defendant Hoyer only, (2) the first sentence of counsel's declaration states, "I am the attorney for the Defendant, YVETTE HOYER, in the above captioned case," and (3) only Defendant Hoyer filed a supporting affidavit, the Court treats the motion as being brought solely on behalf of Defendant Hoyer. In the event counsel intended to file the motion on behalf of Defendant Paul as well, the Court's findings herein apply to both Defendant Hoyer and Defendant Paul.

Order"), and to stay the foreclosure sale of the property located at 361 Vernon Avenue, Brooklyn, New York 11206 ("the Property").[2]

The Court assumes Hoyer's familiarity with the facts and procedural history of this action and only briefly summarizes the basis for the present motion.  Defendant Hoyer argues,[3] in sum and substance, that she has discovered new evidence that challenges the chain of title to the Property and "make[s] it pellucidly clear that Plaintiff's documents presented as evidence in their complaint are in fact false or at minimum highly questionable."  (Blackman Decl., Dkt. 111-1, ¶ 36.)  Although Hoyer admits that she and her prior counsel failed to "review[] the previous assignments" and "merely relied upon the evidence contained on the face of the public records," she asserts that "Defendants should be excused from not taking a closer look and investigating with a deeper due diligence the actual chain of events."  (*Id.* ¶¶ 8, 10, 13.)  Hoyer neither explains when exactly this "new evidence" was discovered nor why the present motion was filed on the eve of the Property's foreclosure sale.  Hoyer asks the Court to enjoin Plaintiff "from selling or otherwise disposing of" the Property, dismiss the complaint, and award fees and costs to Defendants.[4]  (*Id.* ¶ 3.)  For the reasons discussed here, Defendant Hoyer's emergency motion is denied in its entirety.

---

[2]  While this is Hoyer's first request to set aside the January 24, 2019 Order pursuant to Rule 60(b), the Court previously denied, nearly one year ago, Defendant Paul's Rule 60(b) motion. *See Gustavia Home, LLC v. Hoyer*, 16-CV-4015 (PKC) (VMS), 2021 WL 1146087, at *1 (E.D.N.Y. March 25, 2021).

[3]  The motion does not include a memorandum of law; it consists only of Nigel E. Blackman's nine-page declaration that does not cite to a single case, Defendant Hoyer's two-page affidavit, and seven exhibits.  (*See* Dkt. 111.)  Accordingly, the Court refers to the arguments in support of Defendant Hoyer's motion as set forth in Blackman's declaration.  (*See* Declaration of Nigel E. Blackman in Support of Emergency Motion ("Blackman Decl."), Dkt. 111-1.)

[4]  Hoyer also asks the Court "to entertain further action with all parties, assignors, assignees, and other interested parties especially those in the chain of title on public record; and therein seek a declaratory Judgment which should resolve the issue of legal ownership and validity."

"Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or for other reason that justifies relief." *Lilakos v. New York City*, No. 14-CV-5288 (PKC) (LB), 2016 WL 6768943, at *1 (E.D.N.Y. Nov. 15, 2016) (quoting *Dziennik v. Sealift, Inc.*, No. 05-CV-4659 (DLI) (MDG), 2015 WL 1469323, at *2 (E.D.N.Y. Mar. 30, 2015)).  "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012), and because Rule 60(b) is a means of "extraordinary judicial relief," it is properly invoked "only upon a showing of exceptional circumstances," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (collecting cases).  A Rule 60(b) motion is not a substitute for an appeal or a vehicle for relitigating an issue already decided.  *See Stevens*, 676 F.3d at 67; *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

A Rule 60(b) motion can be based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time," Fed. R. Civ. P. 60(b)(2), and fraud, "misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3).  Under these clauses of Rule 60(b), the motion must be brought within a year after the entry of judgment or order that the moving party seeks to set aside.  *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("Rule 60(b) specifically provides that a motion for relief from judgment may be made 'for

---

(Blackman Decl., Dkt. 111-1, ¶ 40.)  As discussed below, the Court rejects Hoyer's arguments and denies all requested relief.

reasons (1), (2), and (3) not more than one year after the judgment . . . was entered.'").  The Second Circuit has instructed that "[t]his limitations period is 'absolute.'"  *Warren*, 219 F.3d at 114.

Here, Defendant Hoyer filed the present motion at approximately 4:00 a.m. on March 23, 2022—over *three years* after the Court entered the January 24, 2019 Order and on the eve of the scheduled foreclosure sale of the Property.  Accordingly, Hoyer's motion is barred by the one-year limitations period set forth in Rule 60(c)(1).

To the extent Hoyer also attempts to rely on Rules 60(b)(4), 60(b)(5), and 60(b)(6), which are not subject to the one-year limitation and instead require that the motion must be made "within a reasonable time" after entry of the judgment, *see* Fed. R. Civ. P. 60(c)(1), the Court finds Hoyer's arguments lacking and meritless.  As an initial matter, the Court notes that, except for the mention of these alternative grounds for relief on the first page of Blackman's declaration, the declaration is devoid of any direct and clear argument regarding the applicability of these clauses to the motion.  The Court therefore finds that Hoyer's arguments based on Rules 60(b)(4), 60(b)(5), and 60(b)(6) are a mere "attempt to avoid the absolute one-year bar set forth in Rule 60(c)(1)."  *Claudio v. Portundo*, No. 01-CV-5180 (RJD), 2014 WL 1347185, at *4 (E.D.N.Y. Mar. 31, 2014) ("When the district court determines that an untimely Rule 60(b) motion is 'masquerading'" "in an attempt to avoid the absolute one-year bar," "the court should deny the motion." (quoting, *inter alia*, *Stevens*, 676 F.3d at 68)).  However, the Court briefly addresses Hoyer's reference to these Rule 60(b) clauses below.

Rule 60(b)(4) provides that the Court may grant relief from a final judgment if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  "[A] judgment may be declared void for want of jurisdiction [under Rule 60(b)(4)] only when the court plainly usurped jurisdiction, or, put somewhat differently, when there is a total want of jurisdiction and no arguable basis on which it

4

could have rested a finding that it had jurisdiction." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (internal quotation marks and citations omitted). Defendant Hoyer argues that Plaintiff does not have standing to bring this action, and the Court lacks subject matter jurisdiction, because (1) Plaintiff does not "possess[] the file on this case, a proper [n]ote or [m]ortgage" and does not hold "it in due course" and (2) the "[s]tatute of [l]imitations would have prevented suit." (Blackman Decl., Dkt. 111-1, ¶¶ 23, 31.)

Hoyer has failed to move under Rule 60(b)(4) within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). "While courts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges, a delay of more than" three years "cannot be considered reasonable unless mitigating circumstances exist that justify such a delay."[5] *Satterfeld v. Pfizer, Inc.*, No. 04-CV-3782 (KMW) (GWG), 2005 WL 1765708, at *9 (S.D.N.Y. July 18, 2005) (collecting cases) (brackets and quotation marks omitted). Hoyer has not presented any mitigating circumstances to justify the delay. Moreover, as Hoyer herself admits, Plaintiff "has clearly made a prima facie showing of its possession of the Note and Mortgage and presumptively has a right to foreclose[.]" (Blackman Decl., Dkt. 111-1, ¶ 19.) And the Court has previously found that Plaintiff provided "affidavit testimony and evidence" to establish that Plaintiff has the "original note" and is "legally entitled to foreclose." *See Gustavia Home, LLC*, 2021 WL 1146087, at *3 (quotation marks omitted). Accordingly, the Court had, "at a minimum, an arguable basis to exercise jurisdiction

---

[5] To the extent the motion is also brought on behalf of Defendant Paul, it is additionally untimely due to Paul's own prior 60(b) application. *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 190 (2d Cir. 2006) ("[W]here a party has previously filed a motion to vacate a . . . judgment that failed to raise a voidness argument and subsequently advances such an argument in a Rule 60(b)(4) motion more than a year after the entry of the . . . judgment, the Rule 60(b)(4) motion should be denied as untimely." (quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 179 (2d Cir. 2004))).

when it entered" the January 24, 2019 Order.  *See Eliav v. Millenium Prods. Grp, LLC*, 857 F. App'x. 699, 701 (2d Cir. 2021) (summary order) ("We need not, and therefore do not, rule on the question of whether the district court in fact had subject matter jurisdiction . . . .").

Rule 60(b)(5) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).  "It is usually applied where a party seeks relief from either an injunction or a consent decree and can show 'a significant change either in factual conditions or in law.'" *Thompson v. City of New York*, No. 04-CV-2355 (FB) (RML), 2010 WL 1005866, at *2 (E.D.N.Y. Mar. 16, 2010) (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)). "Further, discretionary relief sought under Rule 60(b)(5) is equitable in nature and a consideration should be given as to whether the moving party has acted equitably or suffers from unclean hands." *Lee v. Marvel Enter., Inc.*, 765 F. Supp.2d 440, 451–52 (S.D.N.Y. 2011) (citing *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 128–29 (2d Cir. 2009)).

As already discussed, Hoyer has failed to move for relief from the January 24, 2019 Order within a reasonable time.  Moreover, assuming Hoyer relies on the prong of Rule 60(b)(5) that addresses equitability of a prospective application of a judgment, Hoyer has utterly failed to meet her burden.  First, Blackman's declaration is devoid of any clear or convincing argument regarding the applicability of Rule 60(b)(5).  Second, Hoyer has not demonstrated that there has been a "significant change" in factual conditions or in law underlying the January 24, 2019 Order—as Hoyer admits, any new facts she discovered, even if true, existed before the Court issued the January 24, 2019 Order and were not discovered earlier due to Hoyer's own failure to perform due diligence.  (Blackman Decl., Dkt. 111-1, ¶¶ 8, 10, 13.)  Additionally, the fact that Hoyer filed the

6

present motion over three years after the January 24, 2019 Order was issued, and on the eve of the foreclosure sale of the Property, indicates that Hoyer is simply attempting to relitigate the issues and claims that the Court previously dismissed.  *See Lee*, 765 F. Supp. at 452 ("The pattern of litigation undertaken . . . , and the timing of these proceedings indicate that the purpose of this application to vacate the Orders . . . is to assert a new claim . . . to avoid Judge Grotty's [prior] ruling . . . . That purpose does not invoke equity or establish clean hands.").

Rule 60(b)(6) allows the Court to grant relief from judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  "However, Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)."  *Warren*, 219 F.3d at 114 (citation omitted); *see also Am. Tissue, Inc. v. Arthur Andersen L.L.P.*, No. 02-CV-7751 (SAS), 2005 WL 712201, at *2 (S.D.N.Y. Mar. 28, 2005) ("Rule 60(b)(6) and the other clauses of Rule 60(b) are mutually exclusive: when 'the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6).'" (quoting *United States v. Int'l Brotherhood of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001))); *LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 136 (S.D.N.Y. 2009), *aff'd*, 367 F. App'x. 180 (2d Cir. 2010) (summary order) ("[I]t is well-established that Rule 60(b)(6) should not be used to circumvent the one-year limitations period that applies to the specific clauses.")  Because Hoyer's arguments are premised and can be considered on the enumerated clauses of Rule 60(b), Rule 60(b)(6) is inapplicable here.

## CONCLUSION

Defendant Yvette Hoyer's Rule 60(b) emergency motion for relief from judgment and to stay the foreclosure sale of the property located at 361 Vernon Avenue, Brooklyn, New York 11206 is denied in its entirety.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: March 23, 2021
       Brooklyn, New York