UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

GUSTAVIA HOME, LLC

                        Plaintiff,

         -against-

YVETTE HOYER; SHAUNA M. PAUL; UNITED STATES
OF AMERICA/INTERNAL REVENUE SERVICE; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU;
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD and JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or interest in
the mortgaged premises herein, their respective names are
presently unknown to Plaintiff,

                                  Defendants.

-----------------------------------------------------------------------X

INDEX NO: 16-04015
(PKC)(VMS)

**REFEREE'S REPORT OF
SALE**

The undersigned, the Referee appointed herein pursuant to a Judgment of Foreclosure
and Sale entered in this action on February 14, 2019 to sell the mortgaged premises more
particularly described therein, does respectfully report as follows:

1. That I caused due notice of sale of said premises on June 16, 2022 at the same time and
   place set forth in the Notice of Sale, to be given and published according to law and the
   rules and practice of this Court and the said Judgment, as will more fully appear by the
   affidavits hereto annexed.

2. That at said time and place I attended in person and offered said premises for sale at
   public auction in one parcel to the highest bidder, and sold the same to GUSTAVIA
   HOME, LLC for the sum set forth in the Memorandum of Sale annexed hereto and made
   a part hereof, that being the highest sum bid therefore.

3. That payment of at least ten percent (10%) deposit of the sum bid was waived.

4. That subsequent to said sale and in accordance with the terms of the Judgment in this
   action, I executed, acknowledged and delivered to said purchaser the usual Referee's
   deed for said premises.

5. The proceeds of the sale have been disposed of as set forth in the "Referee's Schedule of
   Computation" annexed hereto and made a part of this Report and there is a deficiency
   owed to plaintiff.

Dated: 7/21, 2022

                                  SUSAN ELLEN RIZOS, Esq. – As Referee

# REFEREE'S SCHEDULE OF COMPUTATION

GUSTAVIA HOME, LLC
v.
YVETTE HOYER; SHAUNA M. PAUL; UNITED STATES OF AMERICA/INTERNAL
REVENUE SERVICE; NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING
VIOLATIONS BUREAU; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD
and JOHN DOE "1" through "12", said persons or parties having or claimed to have a right, title
or interest in the mortgaged premises herein, their respective names are presently unknown to
Plaintiff

INDEX NO.: 16-04015 (PKC)(VMS)

## SCHEDULE B

| | |
|---|---|
| Amount due on Note and Mortgage per Judgment of Foreclosure And Sale entered February 14, 2019 | $190,735.34 |
| Interest on principal balance ($104,730.04) from March 4, 2017 up to February 14, 2019 at the Contract Rate of 9.500% 713 days at $27.26 per diem | $19,436.38 |
| Interest on judgment amount ($190,735.34) from February 15, 2019 up to June 16, 2022 at the Statutory Rate of 9% - (1,218 days at $47.03 per diem) | $57,282.54 |
| Referee's Fees | $1,500.00 |
| Advertising Fees | $19,335.88 |
| Allowed for Advances (ie: taxes, assessments, insurance, etc.) | $1,172.72 |
| **TOTAL** | **$118,462.86** |
| Less amount paid by Purchaser | $100.00 |
| Deficiency | $118,362.86 |

Dated: 7/21/2022, 2022

_____
SUSAN ELLEN RIZOS, Esq. – As Referee

## VERIFICATION

STATE OF NEW YORK )
                  )ss:
COUNTY OF ~~KINGS~~ )
          Richmond

The undersigned, being duly sworn deposes and says:

That (s)he is the Referee duly appointed herein to make the sale in the above entitled action and the officer who made such sale; that the report signed by him/her is in all respects true and accurate and said report and statements annexed contain a true, accurate and complete report of the disposition of the proceeds of such sale.

_____
SUSAN ELLEN RIZOS, Esq. – As Referee

Sworn to before me this

___21st___ day of ___July___, 2022

_____
NOTARY PUBLIC

ISABEAUT VALVERDE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01VA6387095
Qualified in Richmond County
My Commission Expires 02-04-2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

GUSTAVIA HOME, LLC,

                              Plaintiff,

         -against-

YVETTE HOYER; SHAUNA M. PAUL; UNITED STATES
OF AMERICA/INTERNAL REVENUE SERVICE; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU;
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD and JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or interest in the
mortgaged premises herein, their respective names are presently
unknown to Plaintiff,

                            Defendants.

-------------------------------------------------------------------------x

INDEX NO.: 16-04015 (PKC)(VMS)

**TERMS OF SALE**

Property:
361 Vernon Avenue
Brooklyn, NY 11206

      The real property located at 361 Vernon Avenue, Brooklyn, NY 11206 (" the premises")
will be sold under the direction of Susan Ellen Rizos, Esq., the Referee, pursuant to the Judgment
of Foreclosure and Sale and the following terms:

      <u>FIRST:</u> The highest bidder ("Purchaser") acknowledges that these Terms of Sale are a
binding contract and that Purchaser has read these terms and consents to each and every one, as
indicated by Purchaser's signature on the Memorandum of Sale. Purchaser will, at the time and
place of sale, sign the memorandum of sale annexed to the end of these Terms of Sale, unless
Plaintiff is the Purchaser in which case a signature is not required.

      <u>SECOND:</u> Purchaser shall pay a ten percent (10%) deposit of the amount of the highest
bid ("purchase price") in cash or certified or bank check payable to the Referee at the time and
place of sale, for which a receipt will be given. Full credit will be given for any amount in excess
of ten percent (10%). If Plaintiff is the Purchaser, the Referee shall not collect the ten percent
(10%) deposit.

      <u>THIRD:</u> The Referee shall accept a written bid from Plaintiff or Plaintiffs attorney or agent
as if Plaintiff appeared in person.

      <u>FOURTH:</u> The balance of the purchase price must be paid to the Referee at the Plaintiff's
attorneys office located at 165 Eileen Way -- Suite 101, Syosset, New York 11791 or at the location

chosen by the Referee, on or before _____ , 2022 (30 days from the date hereof), when the Referee's Deed will be ready. If Plaintiff is the Purchaser, the Referee shall not collect the purchase price.

Time is of the essence with respect to the closing date. The failure of Purchaser to pay the balance of the purchase price will be a material default of these Terms of Sale, with no further notice being required from the Referee or Plaintiff's counsel, subjecting Purchaser to forfeiture of the deposit as liquidated damages and resale of the premises as specified in paragraph ELEVENTH.

The failure of Purchaser's title insurance vendor or lender to be ready to close in accordance with these Terms of Sale is not a valid reason to adjourn the closing date and constitutes a default. Purchaser agrees to provide Plaintiff with a title examination not more than 14 days after sale and if not provided Purchaser waives any objections to title.

FIFTH:      An adjournment of the closing date stated in paragraph FOURTH, for any reason including but not limited to title clearance, litigation or any of the items listed in Paragraph EIGHTH, shall be at the sole discretion of Plaintiff and Referee, must be in writing, and must be requested within **(5) business days** before the date in Paragraph FOURTH.  In the event an adjournment is granted, it will be for no more than thirty (30) days. It is the sole responsibility of the Purchaser to request an adjournment from Plaintiff. **Time is of the essence with respect to any adjourned date.**

Any adjournment shall be subject to interest at the rate of nine percent (9%) per annum on the entire purchase price from the date set forth in paragraph FOURTH until the transfer of the Referee's deed, unless an adjournment is requested by the Referee. Purchaser shall pay all costs, fees, taxes; assessments, water rates, and expenses incurred by any party in connection with or as a result of the adjournment.

SIXTH:      Neither the Referee nor the Plaintiff is required to send any further notice to the Purchaser of the closing date; and if the Purchaser neglects to appear at the date and place specified in paragraphs FOURTH or FIFTH to pay the balance of the purchase price and receive the deed, the Purchaser will be in material default of these terms.

SEVENTH:   The Referee shall pay out of the sale proceeds only those items required by the Judgment of Foreclosure and Sale and Real Property Actions and Proceedings Law Section 1354, including taxes, assessments and water rates that are liens upon the premises at the time of

sale. All taxes, assessments, water rates, and other municipal liens which become liens after the sale, including transfer tax, which is not a lien as of the time of sale, are the sole responsibility of the Purchaser. The Purchaser shall be liable for any interest or penalty due on any taxes, assessments, water rates, and other municipal liens accruing after the sale. The Purchaser shall also be liable for charges of any kind by a homeowners or condominium association that accrue after the sale.

In the event, that the Plaintiff advanced monies for any taxes, assessments, water charges, municipal liens, sewer rents, insurance or charges by a homeowners or condominium association covering a period which is after the sale date, Purchaser agrees to adjust and reimburse Plaintiff for such advances.

All expenses of closing and recording the Referee's deed, including, but not limited to, title insurance, transfer taxes, deed recordation costs, and preparation fees for transfer documents and closing fees demanded by the Referee shall be paid by the Purchaser, not by the Plaintiff or the Referee from sale proceeds. The obligation to pay transfer tax is hereby shifted to and shall be paid by the Purchaser in accordance with Tax Law §1404(b)(l).

Any errors or omissions in computing the amount due Plaintiff pursuant to the Judgment of Foreclosure and Sale and these Terms of Sale shall be corrected and reimbursement by the Purchaser shall be issued as necessary. This provision shall survive the closing and delivery of the Referee's Deed.

EIGHTH:    The Purchaser agrees that this sale is subject to the following items, which are neither valid exceptions to clear or marketable title nor valid reasons to adjourn the closing:

(a).    Rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b).    Any state of facts that an accurate survey might disclose, including reapportionment of tax lots or changes to the section, block and lot subsequent to the filing of the Notice of Pendency. Plaintiff is not required to provide a survey;

(c).    Rights of Tenants, occupants or squatters, if any, whether or not said parties are named in the foreclosure. Plaintiff makes no representations as to the occupancy status of the premises. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of the premises. There shall be no adjustment for rents after the date of sale;

(d).     Prior mortgages, liens or encumbrances not provided for in the judgment or any transfer of title, mortgage lien or encumbrance that is recorded after the Notice of Pendency;

(e).     The right of redemption of the United States of America;

(f).     Any rights pursuant to CPLR § 317, § 2003 and § 5015, an appeal of the foreclosure, or additional litigation brought to contest the validity of the foreclosure or this sale including any notice of pendency, whether filed before or after the sale;

(g).     Any building and zoning regulations, restrictions, ordinances, orders, requirements and amendments thereto of the municipality, state, or federal government, or any agency, bureau, commission or department with jurisdiction over the premises, and any violations or notices of violations issued by same, including, but not limited to code violations, emergency repair liens, 7A Administrators, relocation liens, reapportionment of lot lines, or vault charges and any associated notice of pendency;

(h).     Any bankruptcy in which there is no automatic stay, pursuant to 11 USC section 362(c)(4)(A). Plaintiff has no duty or obligation to obtain a comfort order pursuant to 11 USC Section 362(c)(4)(A)(ii);

(i).     Any Hazardous Materials in the premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos and toxic substances; or

(j).     Title exception(s) raised by a title insurance company for underwriting reasons that are not valid liens or encumbrances pursuant to law.

**(k)     This mortgage that is the subject of the instant foreclosure action is a second mortgage on the premises. Purchaser agrees to take subject to the first mortgage.**

NINTH:     The premises are being sold in "as is" condition, defined as the physical condition and state of title of the premises on the day of sale, notwithstanding the condition of the premises on the day of closing. Purchaser assumes all risk of loss or damage to the premises from the date of sale until the date of closing and thereafter. Neither the Referee nor the Plaintiff have made any representations regarding the physical condition, state of title, rents, leases, expenses, operation or any other matter affecting or relating to the premises, and the Purchaser hereby expressly acknowledges that no representations have been made. There is no obligation or legal right to provide the Purchaser access to the premises.

TENTH:     If Purchaser is unable to obtain title insurance or a clear abstract of title, excluding the matters contained in Paragraph EIGHTH which the Purchaser agrees are not valid exceptions to clear or marketable title, then Purchaser agrees to allow Plaintiff or its counsel, at their sole discretion, to arrange for title insurance policy, **if possible**, which will be an ALTA policy issued at standard premiums, subject to customary exceptions. Purchaser agrees to pay for the cost of a title insurance policy under this Paragraph. Purchaser waives the right to collect from Plaintiff any costs, fees, and/or premiums previously incurred by Purchaser for any abstract or title policy ordered with respect to the subject premises.

ELEVENTH:     If the Purchaser fails to comply with any of the above terms, then the Purchaser is in default and the premises shall be resold by the referee. In the event of Purchaser's default and a resale, Purchaser's deposit shall be forfeit to Plaintiff as liquidated damages because it is impossible to accurately determine the damages incurred by Plaintiff. Upon default, Purchaser expressly authorizes the Referee to deliver the forfeit deposit to Plaintiff. Plaintiff is not required to obtain a court order for the Referee to resell the premises. Such forfeiture shall not be a waiver of any rights Plaintiff has to seek and obtain additional damages.

TWELFTH:     The Purchaser hereby agrees that the successful bid is subject to any arrangement made prior to the sale between Plaintiff and Defendant borrower(s) for the reinstatement, payoff, modification, home retention option or workout of the delinquent note and mortgage which are at this time unknown to the Referee. If any such arrangement was made, the sale and these Terms of Sale shall be deemed rescinded, null and void as if they never occurred, and the Referee shall promptly refund the deposit to Purchaser, without recourse against Referee, Plaintiff its successors and assigns, Plaintiff's Attorney and employees, Defendant, or further order of court.

THIRTEENTH:     In the event the closing is stayed by court order, the sale and these Terms of Sale may be rescinded by Plaintiff at its sole discretion without further order of court. If the sale is not rescinded, then the Purchaser's rights and obligations under these Terms of Sale shall not change and the Purchaser is responsible for all additional taxes, assessments, and water rates that accrue between the sale and closing.

In the event of a mistake, defect or irregularity in the foreclosure proceedings or sale, or failure to comply with the requirements of the CPLR, RPAPL or RPL, Purchaser hereby agrees that Plaintiff, at its sole discretion, shall rescind the sale and these Terms of Sale shall be deemed

null and void as if they never occurred, and the Referee shall promptly refund the deposit to Purchaser, without recourse against Referee, Plaintiff its successors and assigns, or Plaintiff's Attorney and employees, Defendant, or further order of court.

In the event the sale is set aside for any reason, Purchaser shall be entitled only to a return of the deposit paid. Purchaser shall have no further recourse against the Referee, Plaintiff its successors and assigns, or Plaintiff's Attorney and employees.

FOURTEENTH:    Neither the Referee or Plaintiff shall be liable for nor bound by any verbal or written statements, representations, promises, or guaranty, real estate broker's commissions or information pertaining to the premises furnished by any third party, real estate broker, agent or their employee. Neither the Referee nor the Plaintiff is liable for any express or implied warranties, guaranties, promises or statements of any kind relating in any manner to the premises. All understandings and agreements heretofore had between the parties are merged in these Terms of Sale, which fully and completely express their agreement. These Terms of Sale cannot be changed, terminated or waived orally. These Terms of Sale shall be binding on the Purchaser(s) and any heirs, successors and assigns thereof.

FIFTEENTH:    The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

SIXTEENTH:    If there is a conflict between these Terms of Sale and any pleading filed in the foreclosure action, then the provision of these Terms of Sale shall control.

Dated: 6/16/2022

Susan Ellen Rizos, Esq. – As Referee


Purchaser:

BY: John O'Keefe as agent

------------------------------------------------

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

GUSTAVIA HOME, LLC,

                              Plaintiff,

      -against-

YVETTE HOYER; SHAUNA M. PAUL; UNITED STATES
OF AMERICA/INTERNAL REVENUE SERVICE; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU;
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD and JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or interest in the
mortgaged premises herein, their respective names are presently
unknown to Plaintiff,

                             Defendants.

-------------------------------------------------------------------------x

INDEX NO.: 16-04015 (PKC)(VMS)

MEMORANDUM OF SALE

Property:
361 Vernon Avenue
Brooklyn, NY 11206

The Plaintiff has, on the date hereof, purchased the premises described in the annexed printed
advertisement of sale for the sum of

         _One Hundred_

($ _100.00_ )

And hereby promises and agrees to comply with the terms and conditions of the sale of said
premises as above mentioned and set forth, and hereby waives the ten percent (10%) deposit to
be made hereunder.

Dated: 6/16/22

Plaintiff

_____

BY: The Margolin & Weinreb Law Group, LLP

_____

Susan Ellen Rizos, Esq. - As Referee

------------------------------------------------

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x      INDEX NO.: 16-04015 (PKC)(VMS)

GUSTAVIA HOME, LLC,

                                Plaintiff,        MEMORANDUM OF SALE

        -against-

YVETTE HOYER; SHAUNA M. PAUL; UNITED STATES        Property:
OF AMERICA/INTERNAL REVENUE SERVICE; NEW         361 Vernon Avenue
YORK STATE DEPARTMENT OF TAXATION AND             Brooklyn, NY 11206
FINANCE; CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU;
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD and JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or interest in the
mortgaged premises herein, their respective names are presently
unknown to Plaintiff,

                           Defendants.

-------------------------------------------------------------------------x

_Gustavia Home LLC_____, has this date purchased the Premises described

in the annexed printed advertisement of sale for the sum of

$_____ _100_____, for which a deposit of $____ WAIVED (0) 

has been received, and hereby promises and agrees to comply with the terms and conditions of

the sale of said Premises, as above-mentioned and set forth.

Dated: _6/16/22_

                          _____
                           Susan Ellen Rizos, Esq. – As Referee
                           _Gustavia Home LLC_
                           Purchaser (Print Name)
                           _as agent John O'Keefe_
                           Purchaser's Signature

                           _____
                           Purchaser's Address

                           _____
                           Purchaser's City, State, Zip

                           _____
                           Purchaser's Telephone Number

                           _____
                           Purchaser's Attorney

                           _____
                           Purchaser's Attorney's Telephone Number and/or Email

**FILL OUT ALL SECTIONS OF THIS FORM BEFORE FILING WITH THE COUNTY CLERK AND FIDUCIARY CLERK/COURT – MUST BE COMPLETED WITHIN 30 DAYS OF SALE**

*If this is an E-Filed case, upload this form to NYSCEF as a "Foreclosure Action Surplus Monies Form"*

# FORECLOSURE ACTION SURPLUS MONIES FORM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

INDEX NO.: 16-04015 (PKC)(VMS)

GUSTAVIA HOME, LLC

         **Plaintiff**

**Mortgaged Property:**
361 Vernon Ave
Brooklyn, NY

-against-

**SBL #:** 1

YVETTE HOYER

**Sale Date:** 6/16/22

         **Defendant(s)**

------------------------------------------------------------X

## A. To be completed by the Referee

1. Final Judgement Amount per Judgment:    $ 190,735 ³⁴

2. Adjusted Judgment Amount (Upset Price):    $ 267,454
   (This is the total amount due to the bank after post-sale disbursements, fees, taxes, utilities, etc.)

3. Sale Price:    $ 100
   (To calculate if there is a surplus, subtract the higher of line 1 or line 2 from line 3 and enter any surplus on line 4)

4. Surplus Amount (enter $0.00 if no surplus)    $ 0.00
   ** If there are surplus fund, attach proof/receipt that the surplus amount was deposited with the Treasurer, Comptroller, Commissioner of Finance, Clerk of Court, etc.**

Referee's TOTAL compensation awarded/fees
earned in this matter:    $ _____

Referee Name: Susan E. Rizos      Telephone: 718 777 5750
Address: 22-55 31rSt #2006 Astoria NY 11105
E-mail: AI20SESQ@aol.com    Signature/ Date: 6/16/2022
*If plaintiff is also the purchaser, complete both B. and C.*

## B. To be completed by Plaintiff's Rep.

Name: _____ John O'Keefe _____
Address: _____ Pinnacle Court Service _____
     49 Andrew Ave
     Islip Terrace, NY 11752
Telephone: _____ 631.804-7716 _____
Email: _____
Signature/Date: _____ 6/16/22

## C. To be completed by Purchaser

Name: _____
Address: _____ THE MARGOLIN & WEINREB
     LAW GROUP, LLP
Telephone: _____ 165 Eileen Way, Suite 101
     Syosset, NY 11791
Email: _____
Signature/Date: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x    INDEX NO.: 16-04015 (PKC)(VMS)

GUSTAVIA HOME, LLC,

                     Plaintiff,    **AFFIDAVIT OF SERVICE**

     -against-

YVETTE HOYER; SHAUNA M. PAUL; UNITED STATES
OF AMERICA/INTERNAL REVENUE SERVICE; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU;
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD and JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or interest in the
mortgaged premises herein, their respective names are presently
unknown to Plaintiff,

                     Defendants.
-------------------------------------------------------------------x

STATE OF NEW YORK)
             )ss:
COUNTY OF NASSAU )

     Alyssa Robinson, being duly sworn, deposes and says:

     That I am not a party to the action, am over the age of 18 years and reside in Nassau
County, State of New York.

     That on May 13th, 2022 deponent served the within Notice of Sale by depositing a true
copy thereof in a post paid wrapper, in an official depository under the exclusive care and
custody of the United States Postal Service within the State of New York, addressed to each of
the following persons at the last known address set forth after each name:

Alexander Krul, Esq.
Petroff Amshen LLP
*Attorneys for Defendants Yvette Hoyer*
1795 Coney Island Avenue, Third Floor
Brooklyn, NY 11230

Yvette Hoyer
361 Vernon Avenue
Brooklyn, New York 11206

Shauna M. Paul
361 Vernon Avenue
Brooklyn, New York 11206

Nigel Edwin Blackman, Esq.
Adler & Gross PC
*Attorney for Shauna M. Paul*
225 Broadway Ste 2400
New York, NY 10007

New York State Department of Taxation and Finance
WA Harriman State Campus, Building 9
Albany, New York 12227

City of New York Transportation Parking Violations Bureau
100 Church Street, 1st Floor
New York, New York 10007

City of New York Environmental Control Board
100 Church Street, 1st Floor
New York, New York 10007

Occupants
361 Vernon Avenue
Brooklyn, New York 11206

Susan Ellen Rizos, Esq. - Referee
2255 31st Street, Ste. 206B
Astoria, NY 11105

Assistant U.S. Attorney Peter A. Laserna
United States Attorney's Office (Civil Division)
271 Cadman Plaza East, 8th Floor
Brooklyn, NY 11201

Robert L. Capers - United States Attorney
Eastern District of New York
*Attorney for the United States of America*
271 Cadman Plaza East
Brooklyn, NY 11201

John Michael Brickman, Esq.
Receiver
McLaughlin & Stern, LLP
1010 Northern Blvd, Ste 400
Great Neck, NY 11021

Alyssa Robinson

Sworn to before me this
13th day of May, 2022

Notary Public

ALYSSA L. KAPNER
Notary Public, State of New York
No. 02KA6237456
Qualified in Nassau County
Commission Expires March 21, 2023

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**                    Index No. 16-04015 (PKC)(VMS)

GUSTAVIA HOME, LLC,

                                                    **Plaintiff**

        -against-

YVETTE HOYER; et. al. ,

                                                    **Defendant**

## AFFIDAVIT OF SERVICE FOR NOTICE OF SALE

Pursuant to NYCRR Rule 130-1.1-a, the undersigned, an attorney admitted to practice in the State of New York certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed paper(s) are not frivolous.

Cynthia A. Nierer, Esq.

**THE MARGOLIN & WEINREB LAW GROUP, LLP**
Attorney(s) for Plaintiff
165 Eileen Way, Suite 101
Syosset, NY 11791
Office: (516) 921-3824
Fax: (516) 921-3824 (not for service)

## NOTICE OF SALE

UNITED STATES DISTRICT COURT. EASTERN DISTRICT OF NEW YORK. GUSTAVIA HOME LLC, Pltf. vs. YVETTE HOYER, et al, Defts. Civil Action No. 16-04015 (PKC)(VMS). Pursuant to judgment of foreclosure and sale entered Feb. 14, 2019, I will sell at public auction outside of the Brooklyn Courthouse, Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, NY on June 16, 2022 at 12:30 p.m. prem. k/a 361 Vernon Avenue, Brooklyn, NY. Said property beginning at a point on the northerly side of Vernon Avenue, distant 264 ft. easterly from the northeasterly corner of Vernon Avenue and Lewis Avenue, being a plot 100 ft. x 20 ft. Approx. amt. of judgment is $190,735.34 plus costs and interest. Sold subject to terms and conditions of filed judgment and terms of sale and the right of the United States of America to redeem within 120 days from the date of sale as provided by law. Said Judgment of Foreclosure and Sale forecloses a Second Mortgage. SUSAN E. RIZOS, Referee. THE MARGOLIN & WEINREB LAW GROUP, LLP, Attys. for Pltf., 165 Eileen Way, Ste. 101, Syosset, NY. #99452

# INVOICE

| | |
|---|---|
| Order Number: | 99452 |
| Invoice Date: | 6/16/2022 |

| Order Details: |
|---|
| File No: 16-04015 |
| Case: Gustavia v. Yvette Hoyer |
| Addr: 361 Vernon Avenue, Brooklyn, NY |
| Sale Date: 6/16/2022 at 12:30 pm |

The Margolin & Weinreb Law Group LLP
165 Eileen Way Ste. 101
Syosset, NY 11791

| Service | Description | Amount |
|---|---|---|
| Service fee: | Schedule/Ad Preparation/Distribution/Quality Assurance | $250.00 |
| Publication: | Publish in Daily News on May 13, 20, 27; June 3, 2022 | $3,542.20 |

| | |
|---|---|
| Invoice Total: | $3,792.20 |
| Balance Due: | $3,792.20 |

Affidavits of publication will be sent upon payment.
Outstanding balance over 30 days will incur finance charges of 2%
(APP 24% per year)

# *Ashley Legal Advertising Corp.*

**PO Box 851**
**Port Washington, NY 11050**
**Phone: (516) 767-5155**
**Fax: (516) 767-1211**

# INVOICE

| | |
|---|---|
| Order Number: | 99110 |
| Invoice Date: | 3/24/2022 |

### Order Details:

File No: 16-04015

Case: Gustavia v. Yvette Hoyer

Addr: 361 Vernon Avenue, Brooklyn, NY

Sale Date: 3/24/2022 at 12:15 pm

The Margolin & Weinreb Law Group LLP
165 Eileen Way Ste. 101
Syosset, NY 11791

| Service | Description | Amount |
|---|---|---|
| Publication: | Publish in Daily News on Feb. 17, 24; March 3, 10, 2022 | $4,063.52 |

| | |
|---|---|
| Invoice Total: | $4,063.52 |
| Balance Due: | $4,063.52 |

Affidavits of publication will be sent upon payment.
Outstanding balance over 30 days will incur finance charges of 2%
(APP 24% per year)

# *Ashley Legal Advertising Corp.*

**PO Box 851**
**Port Washington, NY 11050**
**Phone: (516) 767-5155**
**Fax: (516) 767-1211**

# INVOICE

| | |
|---|---|
| Order Number: | 98909 |
| Invoice Date: | 10/14/2021 |

The Margolin & Weinreb Law Group LLP
165 Eileen Way Ste. 101
Syosset,  NY  11791

### Order Details:

File No: 16-04015

Case: Gustavia v. Yvette Hoyer

Addr: 361 Vernon Avenue, Brooklyn, NY

Sale Date: 10/14/2021 at  12:00 pm

| Service | Description | Amount |
|---|---|---|
| Publication: | Publish in Daily News on Sept. 9, 16, 23, 30, 2021 | $3,797.12 |

| | |
|---|---|
| Invoice Total: | $3,797.12 |
| Balance Due: | $3,797.12 |

Affidavits of publication will be sent upon payment.
Outstanding balance over 30 days will incur finance charges of 2%
(APP 24% per year)

# *Ashley Legal Advertising Corp.*

**PO Box 851**
**Port Washington, NY 11050**
**Phone: (516) 767-5155**
**Fax: (516) 767-1211**

# INVOICE

Order Number: 97057
Invoice Date: 5/23/2019

The Margolin & Weinreb Law Group LLP
165 Eileen Way Ste. 101
Syosset, NY 11791

| **Order Details:** |
|---|
| File No: 16-04015 |
| Case: Gustavia v. Yvette Hoyer |
| Addr: 361 Vernon Ave., Brooklyn, NY |
| Sale Date: 7/18/2019 at 01:30 pm |

| Service | Description | Amount |
|---|---|---|
| Publication: | Publish in Daily News on June 17, 24, July 1 & 8, 2019 | $3,885.92 |

Invoice Total: $3,885.92
Balance Due: $3,885.92

Affidavits of publication will be sent upon payment.
Outstanding balance over 30 days will incur finance charges of 2%
(APP 24% per year)

# *Ashley Legal Advertising Corp.*

**PO Box 851**
**Port Washington, NY 11050**
**Phone: (516) 767-5155**
**Fax: (516) 767-1211**

# INVOICE

Order Number:  96616
Invoice Date:  3/11/2019

| Order Details: |
|---|

File No: 16-04015

Case: Gustavia v. Yvette Hoyer

Addr: 361 Vernon Ave., Brooklyn, NY

Sale Date: 4/25/2019 at 01:00 pm

The Margolin & Weinreb Law Group LLP
165 Eileen Way Ste. 101
Syosset, NY 11791

| Service | Description | Amount |
|---|---|---|
| Publication: | Publish in Daily News on Mar. 21, 28, Apr. 4 & 11, 2019 | $3,797.12 |

Invoice Total:  $3,797.12
Balance Due:  $3,797.12

Affidavits of publication will be sent upon payment.
Outstanding balance over 30 days will incur finance charges of 2%
(APP 24% per year)

INDEX NO.: 20-CV-00096-MKB-SMG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
GUSTAVIA HOME, LLC

                  Plaintiff,

      -against-

YVETTE HOYER; SHAUNA M. PAUL; UNITED STATES
OF AMERICA/INTERNAL REVENUE SERVICE; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU;
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD and JOHN DOE "1" through "12", said persons or
parties having or claimed to have a right, title or interest in
the mortgaged premises herein, their respective names are
presently unknown to Plaintiff

                  Defendants.
--------------------------------------------------------------------------X


---

## REFEREE'S REPORT OF SALE

---

THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, NY 11791
516-921-3838/516-945-6055